**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Ally Financial, Inc.,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Donald Jones,<br><br>　　　　Defendant. | No. CV-13-00139-PHX-PGR<br><br><u>ORDER</u> |

　　　　Having considered plaintiff Ally Financial, Inc.'s Application for Entry of Default Judgment (Doc. 14), filed pursuant to Fed.R.Civ.P. 55(b)(2), the Court finds that the application should be granted.

　　　　The plaintiff[1], which offers and markets online banking products and services and automotive financing services, commenced this action against defendant Donald Jones on January 22, 2013.  The plaintiff's complaint alleges that the defendant willfully violated the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. §1125(d), by registering several domain names unlawfully incorporating federally registered trademarks belonging to the plaintiff.  According to the plaintiff's

---

[1] The plaintiff was formerly known as the General Motors Acceptance Corporation and ALLY BANK.

proof of service (Doc. 11), the defendant was personally served on January 25, 2013. As a result of the defendant's failure to respond in any manner to the complaint or to otherwise defend against the plaintiff's action, the plaintiff filed an Application for Entry of Default (Doc. 12) on February 22, 2013. The Clerk of the Court properly entered default (Doc. 13) against the defendant on February 25, 2013.

The ACPA establishes civil liability for cyberprivacy where the plaintiff establishes (1) that the defendant registered, trafficked in, or used a domain name, (2) the domain name is identical or confusingly similar to a protected mark owned by the plaintiff, and (3) the defendant acted with bad faith intent to profit from that mark. DSPT International, Inc. v. Nahum, 624 F.3d 1213, 1218-19 (9th Cir. 2010); 15 U.S.C. § 1125(d)(1).

The Court concludes that the well-pleaded factual allegations in the complaint regarding liability, which the Court takes as being true as a result of the defendant's default, Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir.1977), are sufficient to demonstrate that the plaintiff has established all of the required ACPA elements and that the defendant is therefore liable for cybersquatting. First, the complaint alleges that the defendant has registered several domain names, including ALLYBANKLOANS.com, allybancshares.com, and allynationalbank.com. Second, the complaint alleges that the plaintiff's federally registered trademarks include ALLY, ALLY BANK, and ALLY AUTO and that the plaintiff has secured and registered hundreds of domain names incorporating its Ally trademarks, including ally.com, allybank.com. and allyauto.com, and that the defendant's infringing domain names are confusingly similar to the plaintiff's. Third, the complaint alleges that the defendant registered his domain names with the bad faith intent to profit from them.

The relevant allegations include that the defendant has not made any legitimate use of his infringing domain names, that he knowingly used his confusingly similar websites to redirect the plaintiff's potential customers to his own website named veterannationalbank.us, that he has refused to transfer his infringing domain names to the plaintiff, that after the plaintiff informed him of his violations of the ACPA he sought to strike a deal with the plaintiff whereby he would surrender his infringing domain names only in exchange for the plaintiff's agreement to partner with him in a new banking/loan venture, and that when the plaintiff rejected that proposal, he rigged his infringing websites to redirect the plaintiff's potential customers to websites of the plaintiff's competitor Chase Bank. These allegations, viewed in light of the factors set forth in 15 U.S.C. § 1125(d)(1)(B)(i)(I-IX), are sufficient to show a bad faith intent on the defendant's part.

The relief the plaintiff seeks in its application includes a request that Court order the defendant to transfer the ownership of his infringing domain names to the plaintiff, and the entry of an injunction against the defendant's further misuse of the plaintiff's Ally-related marks, all of which is part of the relief sought by the plaintiff in its complaint. In light of the defendant's willful violation of the ACPA, the Court concludes that the plaintiff is entitled to its requested relief. *See* 15 U.S.C. § 1125 (d)(1)(C) ("In any civil action involving the registration, trafficking, or use of a domain name under this paragraph, a court may order the forfeiture or cancellation of the domain name or the transfer to the domain name to the owner of the mark.") The Court will therefore order the defendant to transfer to the plaintiff all of his Ally-related domain names identical or confusingly similar to the plaintiff's protected marks, and the Court will permanently enjoin the defendant from using any Ally-related mark alone or in conjunction with any other term that serves as a source

identifier.

The plaintiff further seeks an award of its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) ("The court in exceptional cases may award reasonable attorney fees to the prevailing party.")  A case involving a violation of the ACPA is considered to be "exceptional" for purposes of § 1117(a) if the defendant is shown to have acted "maliciously, fraudulently, deliberately, or willfully." <u>Earthquake Sound Corp. v. Bumper Industries</u>, 352 F.3d 1210, 1216 (9th Cir.2003).  The Court concludes that the plaintiff is entitled to an award of fees pursuant to § 1117(a) because it has sufficiently established that the defendant's wrongful conduct, as noted above, was at least deliberate or willful.  Therefore,

IT IS ORDERED that plaintiff Ally Financial, Inc.'s Application for Entry of Default Judgment (Doc. 14) is granted.

IT IS FURTHER ORDERED that plaintiff Ally Financial, Inc. is awarded its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a), contingent on the plaintiff filing a fee application no later than August 26, 2013.

IT IS FURTHER ORDERED that plaintiff Ally Financial, Inc. is awarded its taxable costs to date in the amount of $447.20 pursuant to Fed.R.Civ.P. 54(d)(1), and is additionally awarded its cost incurred in personally serving the Court's Order and the Court's Judgment on defendant Donald Jones.

IT IS FURTHER ORDERED that defendant Donald Jones shall transfer to plaintiff Ally Financial, Inc. the registration and ownership rights to any domain name that uses the term "Ally," including, but not limited to, the following domain names: ALLYBANKLOANS.com, allybancshares.com, and allynationalbank.com. Such transfers shall take place no later than fourteen (14) calendar days from the date the defendant is served with a copy of the Court's Order and the Court's Judgment.

IT IS FURTHER ORDERED that defendant Donald Jones shall file with the Court and serve on plaintiff Ally Financial, Inc.'s counsel a list of all domain names for which he has ownership rights no later than thirty (30) days from the date he is served with a copy of the Court's Order and the Court's Judgment.  Thereafter, the plaintiff shall have thirty (30) days to request that the Court's Judgment be amended to provide for the transfer of the defendant's ownership rights with respect to any listed domain name that is confusingly similar to a mark in which the plaintiff has a protected interest.

IT IS FURTHER ORDERED that defendant Donald Jones, as well as his officers, agents, servants, employees, successors, assigns, parents, subsidiaries, affiliated or related companies, attorneys and all persons in active concert and/or participation with him who receive notice of the Court's Order and/or the Court's Judgment in this action, are permanently enjoined and restrained from:

1. Registering, trafficking, using, or maintaining the registration of any domain name that uses the term "Ally";

2. Using the mark or name ALLY, or any confusingly similar mark, name, domain name or colorable imitation thereof, in connection with defendant Donald Jones's activities or business which may in any way mislead or confuse anyone as to the source, affiliation or sponsorship of such business or website or domain;

3. Causing a likelihood of confusion or misunderstanding as to source, sponsorship, association, affiliation, approval or certification with or by plaintiff Ally Financial, Inc., or engaging in conduct tending to create a false commercial impression of the plaintiff's products or services or any other conduct which tends to pass off defendant Donald Jones' products or services as those of the plaintiff or creates a likelihood of confusion or misunderstanding or false impression.

1    IT IS FURTHER ORDERED that defendant Donald Jones shall file with the Court and serve on plaintiff Ally Financial, Inc.'s counsel within thirty (30) days after being served with the Court's Order and the Court's Judgment, a report in writing, under oath, setting forth in detail the manner and form in which he has complied with the terms of the Court's injunction.

IT IS FURTHER ORDERED that in the event that defendant Donald Jones fails to comply with the material terms of the Court's Order and the Court's Judgment, plaintiff Ally Financial, Inc. shall be entitled to recover any reasonable attorneys' fees and costs incurred in securing the defendant's compliance.

IT IS FURTHER ORDERED that plaintiff Ally Financial, Inc. shall personally serve a copy of the Court's Order and the Court's Judgment on defendant Donald Jones and shall file a notice of such service with the Court.

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment in favor of plaintiff Ally Financial Bank, Inc. accordingly.

DATED this 23rd day of July, 2013.

_____
Paul G. Rosenblatt
United States District Judge